143 So. 166

HAWKINS, Probate Judge, et al. v. MOORE et al.

6 Div. 199.

Supreme Court of Alabama.

June 29, 1932.

342

B. J. Dryer, of Woodward, and Sid P. Smith, of Birmingham, for appellants.

Hugh A. Locke and Andrew W. Griffin, both of Birmingham, for appellees.

PER CURIAM.

In Wilkinson v. Henry, 221 Ala. 254, 128 So. 362, 70 A. L. R. 712, the principle was reaffirmed that the question of jurisdiction is fundamental, and the holding was that a court of equity was without jurisdiction to enjoin a purely political election, and the bill was dismissed. Many of our cases were therein reviewed and differentiated (among them, City of Mobile v. Mobile Electric Co., 203 Ala. 574, 84 So. 816, cited by appellee), and the question need not be here discussed anew.

We are constrained to the view that the election here sought to be enjoined so partakes of a purely political nature, involving no property or contract rights, as to come within the influence of the Wilkinson Case, supra, and controlled by the principle therein announced, and that the assignment of demurrer taking the point of want of equity in the bill should have been sustained.

Under the authority of Wilkinson v. Henry, supra, this result must follow, whether the point is stressed by counsel for the respective parties or not.

The decree is reversed, and one here rendered sustaining the demurrer, and dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and GARDNER, BROWN, and FOSTER, JJ., concur.

THOMAS, BOULDIN, and KNIGHT, JJ., dissent upon the following grounds: The parties to this suit ask this court for a decision on the merits. The city commission wants to know whether they are going beyond their powers, whether there is a usurpation of governmental power. In our opinion this case can be considered on its merits under that line of cases holding a court of equity may by injunction prevent the usurpation of governmental powers involving the expenditure of public funds and the general public inconvenience, if the proposed ordinance is entirely futile.